## BREISCH *v.* CENTRAL RAILROAD OF NEW JERSEY.

No. 384. Argued January 17, 1941.—Decided March 3, 1941.

---

[16] Cf. *United States* v. *Rollnick*, 91 F. 2d 911, 918; *United States* v. *Montgomery*, 21 F. Supp. 770; *United States* v. *Alluan*, 13 F. Supp. 289.

*Mr. Fred B. Gernerd,* with whom *Mr. David Getz* was on the brief, for petitioner.

*Mr. Henry B. Friedman,* with whom *Mr. George W. Aubrey* was on the brief, for respondent.

MR. JUSTICE REED delivered the opinion of the Court.

This certiorari brings here the question as to whether the law of Pennsylvania limits recovery under the provisions of the Federal Safety Appliance Acts to the procedure and awards of that state's Workmen's Compensation Act in accidents where the railway employee is engaged in an intrastate activity at the time of injury.

The suit was brought at common law in the Federal District Court for the Eastern District of Pennsylvania on the ground of diversity of citizenship. The employee, petitioner here, was a citizen of Pennsylvania and the defendant was a corporation created under the laws of New Jersey, handling transportation moving between states. The basis of the action was respondent's violation of the Safety Appliance Acts by failure to furnish efficient hand

brakes for a car.[1] This failure resulted in an injury to petitioner in Pennsylvania. No interstate commerce was involved. He recovered in the trial court but the judgment was reversed by the Circuit Court of Appeals on its determination that the remedy of the petitioner lay solely in the Compensation Act and was not cognizable at law.[2] We granted certiorari because of an alleged conflict on a question of local law between the judgment below and *Miller* v. *Reading Company.*[3]

No issues arise except the one upon procedure. It is clear that an employee injured in intrastate transportation by defective equipment of an interstate railroad comes under the Safety Appliance Acts.[4] Nor is there any longer a question as to the power of the state to provide whatsoever remedy it may choose for breaches of the Safety Appliance Acts.[5] The federal statutes create the right; the remedy is within the state's discretion. In this case we are to find what remedy the State of Pennsylvania has provided.

This Court had occasion to consider the matter of what remedies for breach of the Federal Safety Appliance Acts had been provided by a state in *Tipton* v. *Atchison, T. & S. F. Ry. Co.*[6] The circumstances there were quite similar to the present case. Tipton was an employee of a railroad which was a highway of interstate commerce and suffered injury through violation of the safety acts while engaged within California in intrastate transpor-

---

[1] Act of April 14, 1910, § 2, 36 Stat. 298.

[2] 112 F. 2d 595.

[3] 292 Pa. 44; 140 A. 618.

[4] *Texas & Pacific Ry. Co.* v. *Rigsby,* 241 U. S. 33; *Tipton* v. *Atchison Ry. Co.,* 298 U. S. 141.

[5] *Moore* v. *Chesapeake & Ohio Ry. Co.,* 291 U. S. 205; *Gilvary* v. *Cuyahoga Valley Ry. Co.,* 292 U. S. 57; *Tipton* v. *Atchison Ry. Co., supra* note 4.

[6] 298 U. S. 141.

tation. He sought damages at common law and, after removal to the federal court, was cast in the litigation on the ground that his only redress lay through the California Workmen's Compensation Act. In affirming this conclusion here, two cases of the district courts of appeal of California were examined—*Ballard* v. *Sacramento Northern Railway Co.*[7] and *Walton* v. *Southern Pacific Co.*[8] Petition for review of the two cases had been refused by the Supreme Court of California.[9] The *Ballard* case treated § 6 of the Act of April 22, 1908,[10] the jurisdictional section of the Federal Employers Liability Act, as applicable to the cause of action under consideration, although that cause was bottomed upon the Safety Appliance Acts. From that premise the California court went ahead to conclude that its Workmen's Compensation Act did not apply by virtue of § 69 (c) of the Compensation Act.[11] That section omitted employments governed by the acts of Congress. The Compensation Act is the exclusive state remedy for injuries within its scope. The Federal Employers Liability Act does give a right of action and fix the tribunals where it may be

[7] 126 Cal. App. 486; 14 P. 2d 1045; 15 P. 2d 793.

[8] 8 Cal. App. 2d 290; 48 P. 2d 108.

[9] 126 Cal. App. at 501; 14 P. 2d 1045; 15 P. 2d 793, and 8 Cal. App. 2d at 305; 48 P. 2d 108.

[10] 35 Stat. 66 as amended April 5, 1910, 36 Stat. 291, and March 3, 1911, § 291, 36 Stat. 1167. There has been a subsequent amendment immaterial here, Aug. 11, 1939, § 2, 53 Stat. 1404.

[11] Section 69 provided:

"(c) *Employers engaged in interstate commerce.* This act shall not be construed to apply to employers or employments which, according to law, are so engaged in interstate commerce as not to be subject to the legislative power of the state, or to employees injured while they are so engaged, except in so far as this act may be permitted to apply under the provisions of the Constitution of the United States or the acts of Congress."

enforced.[12] Thus through assimilating the rights and remedies under the Safety Appliance Acts to those under the Federal Employers Liability Act, the California Workmen's Compensation Act was found inapplicable. *Walton's* was a similar case and it too, page 305, following *Ballard,* permitted the maintenance of the suit in the state court.

This Court was of the view that the California courts excluded these railroad employees from the benefits of the Compensation Act "because they [the courts] thought the Safety Appliance Acts required the State to afford a remedy in the nature of an action for damages" and for that reason refused to follow their interpretation of the Compensation Act. Although the *Tipton* case decided the only available California remedy was the compensation scheme, it was indicated that "a definite and authoritative decision" to the contrary by the California courts would, of course, be followed.[13] Tipton lost through the determination here that California had declared by its statute he must seek relief through compensation.

In the present case, Breisch sued at common law. The Circuit Court of Appeals reversed the judgment in his favor on the ground that the Pennsylvania Workmen's Compensation Act supplied the exclusive remedy for his injury. To reach this conclusion, the court determined that in *Miller* v. *Reading Company* [14] the Supreme Court of Pennsylvania decided that "the Compensation Act did not apply to *Miller's* case, not as a matter of statutory construction of that Act but because it thought that the

---

[12] *Moore* v. *Chesapeake & Ohio Ry. Co.,* 291 U. S. 205, 215, 216, and § 1 and § 6, 45 U. S. C. 51 and 56.

[13] A later decision of the Supreme Court of California is in accord with this Court's ruling in the *Tipton* case. *Scott* v. *Industrial Accident Comm'n,* 9 Cal. 2d 315, 323; 70 P. 2d 940.

[14] 292 Pa. 44; 140 A. 618.

proper construction of the Federal Safety Appliance Acts required the ruling that Miller had a cause of action under the Safety Appliance Acts, cognizable in a court of law but not within the purview of the Compensation Law." Reliance was placed upon the *Tipton* case and *Red Cross Line* v. *Atlantic Fruit Co.*[15] which support the principle that interpretation of state statutes by state courts under compulsion of federal law erroneously understood does not bind federal courts.

It is not apparent to us, however, that the *Miller* opinion depends upon the compulsion of a misunderstanding of the Safety Appliance Acts. In *McMahan* v. *Montour Railroad Co.*,[16] it is true, the Supreme Court of Pennsylvania held the Compensation Act was the exclusive remedy for injuries to employees of interstate railroad highways, when the employees at the time of the injury were engaged in an intrastate movement. But that case was predicated upon an erroneous conception of the relation of the employee to interstate commerce. It was thought that only employees who were engaged in that commerce at the time of the accident were covered by the Safety Appliance Acts.[17] Nothing was said as to the tribunal which might award relief in employments covered by the Safety Appliance Acts. This Court's citations on reversal dealt only with the scope of the federal acts, not with remedies under them.[18] When the question next arose, in the *Miller* case, the Pennsylvania court undertook an interpretation of the scope of the coverage of the Workmen's Compensation Act. That act provides in § 302:

"(a) In every contract of hiring made after December thirty-first, one thousand nine hundred and fifteen, and

---

[15] 264 U. S. 109, 120.

[16] 283 Pa. 274; 128 A. 918.

[17] *Tipton* v. *Atchison Ry. Co.*, 298 U. S. 141, 148.

[18] *McMahon* v. *Montour Railroad Co.*, 270 U. S. 628.

in every contract of hiring renewed or extended by mutual consent, expressed or implied, after said date, it shall be conclusively presumed that the parties have accepted the provisions of article three of this act, and have agreed to be bound thereby, unless there be . . ." (Article three is the compensation schedule.) There are no exceptions to this except the customary exemptions of domestic service or agriculture.[19] In the *Miller* case, compensation coverage was refused employees of interstate roads engaged in intrastate activities in these words:

"Our Workmen's Compensation Act gave to a board exclusive jurisdiction of proceedings to adjudicate claims of employees, which, by consent, express or implied, it was agreed should be so disposed of, and, as to such cases, jurisdiction of the courts to try and determine is ousted. But as to demands, not arising from the ordinary relation of employer and employee, such as the enforcement of rights fixed by federal statute, their powers remain as if no such state legislation was in force." [20]

Though there undoubtedly were other statements in the course of the opinion which reflect a misconception of the state's authority over procedure for recovery under the Safety Appliance Acts, we conclude that such misconception is not enough to call for a refusal to follow the Supreme Court's definite ruling that the state courts were open for redress for accidents covered by the Safety Appliance Acts.

*State Tax Commission* v. *Van Cott*,[21] relied upon to support the conclusion reached below, is not controlling. In that case a direct review of the question decided by the state court was sought here on the ground that the state's conclusion on a matter of construction of a state

[19] Pa. Laws 1915, p. 777.

[20] 292 Pa. at 50; 140 A. 620.

[21] 306 U. S. 511.

income tax statute was controlled by the decisions of this Court on the taxability by states of salaries of federal employees. It was not clear to us whether the state decision was controlled by the state court's view of our decisions or not. And, as our decisions at the time of review here permitted a decision by the state court on the state statute, free from federal constraint, we returned the case for state action. In the *Van Cott* case we were reviewing an application of federal law by a state court to a solution of a state's problems. Here we have a federal court's interpretation of a long-standing state decision. Uncompleted state action, probably influenced by decisions of this Court subsequently overruled, calls for an opportunity for the state to adjudicate the question for itself, while a fixed interpretation of a state statute should be accepted by the federal courts when it does not obviously depend altogether on a misconception of federal law.

There are other factors which forbid the conclusion below. A Pennsylvania statute, derived from the state's common law,[22] provides "That when a court of last resort has construed the language used in a law, the Legislature in subsequent laws on the same subject matter intend the same construction to be placed upon such language."[23] Since the *Miller* case the compensation act has been amended several times,[24] but the Legislature has never attempted to override the limitations read into it by the *Miller* opinion. There were comprehensive amendments in the 1937 reënactment,[25] more than a year

[22] *Buhl's Estate*, 300 Pa. 29; 150 A. 86.

[23] Pa. Laws 1937, Act No. 282, § 52 (4).

[24] Pa. Laws 1929, Acts No. 311, 358, 361, 372; Laws 1931, Acts No. 151, 205; Laws 1933, Acts No. 68, 324, 328; Laws, Special Session 1933–34, Acts No. 55, 56; Laws 1935, Act No. 412; Laws 1937, Act No. 323.

[25] Pa. Laws 1937, Act No. 323.

after this Court's decision in the *Tipton* case established that the compensation remedy could be made exclusive, but still the Legislature took no action. Under these circumstances we are of the opinion that the interpretation of the Supreme Court of Pennsylvania of its own Workmen's Compensation Act and of the jurisdiction of its courts over claims arising under the Safety Appliance Act is binding upon the federal courts and should be followed.

The judgment of the Circuit Court of Appeals is reversed and that of the District Court is affirmed.

*Reversed.*

MR. JUSTICE ROBERTS is of the opinion that the judgment of the Circuit Court of Appeals should be affirmed.