## HORWITT v. HORWITT.

Civ. No. 2826.

United States District Court
D. Connecticut.

March 9, 1950.

M. J. Blumenfeld, Pelgrift, Dodd, Blumenfeld & Nair, Hartford, Conn., attorney for defendant.

Valentine J. Sacco, Butler, Volpe & Garrity, Hartford, Conn., attorney for plaintiff.

SMITH, District Judge.

Plaintiff's complaint sets out a claim against the defendant based upon his statutory obligation to reimburse the Estate of Paul H. Horwitt for his, the defendant's pro rata share of the Federal estate tax and interest assessed against said estate insofar as said tax was imposed against said estate by the United States Treasury Department, Internal Revenue Service, on the fair market value of the contract entered into between the decedent Paul H. Horwitt and the Marathon Paper Mills Company, now known as the Marathon Corporation, on November 1, 1937.

The decedent Paul H. Horwitt died on June 11, 1945. The plaintiff Ellen A. Horwitt was duly appointed and qualified as executrix of the Estate of Paul H. Horwitt on September 25, 1945, and is still acting as such executrix. On or about July 6, 1948, a deficiency assessment of $28,005.97, plus interest of $3,302.70, was paid by the executrix to the United States Treasury Department, Internal Revenue Bureau, this deficiency assessment covering additional Federal estate taxes found to be due on the fair market value of the contract of November 1, 1937 between the decedent and the Marathon Paper Mills Company. Under the provisions of this contract, upon the death of the decedent, the inventor, 25% of the net profits accruing in the operation of the contract are payable to the plaintiff Ellen A. Horwitt, and upon her death, 25% of the profits are payable as a royalty to the defendant Leonard Horwitt.

Sections 2075-2081, inclusive, of the Connecticut General Statutes, Revision of 1949, originally known as sections 314h to 322h, inclusive, of the 1945 Supplement to the Connecticut General Statutes, Revision of 1930, became law on July 18, 1945. These sections provide for the proration of the Federal estate taxes "among the persons interested in the estate to whom such property is or may be transferred or to whom any benefit accrues" Section 2076. Section 2077 provides that the tax shall be paid by the executor or administrator, as such, "out of the estate before its distribution, unless the decedent's will, if any, otherwise directs". By section 2081 the chapter was made applicable "to estates of persons dying on and after July 18, 1944".

Defendant moves to dismiss the action because this section of the statute has been found by the Connecticut Supreme Court of Errors to be repugnant to the United States Constitution. Parlato v. McCarthy, 1949, 136 Conn. 126, 69 A.2d 648.

We must first determine whether that decision precludes this Court, in an action between citizens of different states, from independently passing upon the constitutionality of the statute.

There is no question that the United States Supreme Court may review directly the decisions of the highest state courts on the constitutionality, under the Federal Constitution, of state statutes, or that the lower Federal courts may independently determine that state laws subvert rights protected by the United States Constitution, even though the state supreme court may have held that they do not. However, it has been urged that an inferior Federal court does not have the power to entertain a cause of action based on a state statute which has been declared by the state court unconstitutional under the Federal Constitution. Although the occasion for its exercise seldom arises, the power exists. "Interpretation of state statutes by state courts under compulsion of federal law erroneously understood does not bind federal courts." Breisch v. Central Railroad of New Jersey, 1941, 312 U.S. 484, 489, 61 S.Ct. 662, 664, 85 L.Ed. 964, 132 A.L.R. 918; Tipton v. Atchison, Topeka & Santa Fe Railway Co., 1936, 298 U.S. 141, 151, 56 S.Ct. 715, 80 L.Ed. 1091, 104 A.L.R. 831.

We must approach cautiously any contention that the state court's constitutional interpretation is erroneous, however, for a disagreement with the state court means that two sets of rights exist, one for those

whose cases are tried in one forum, another for those in the other forum, although both are based on the identical statute. We, nevertheless, have the power and duty of determining independently the Federal question involved,—whether the state statute, applied in accordance with the state court's interpretation of the meaning of its terms, violates the due-process clause of the Federal Constitution.

. So far as the period July 18, 1944–July 18, 1945 is concerned, the statute attempted retroactively to create a right in one who paid the tax to recover a portion of the Federal tax from other beneficiaries of an estate, the manner of incidence of the tax being determinable otherwise under the then existing Federal and state law.

The Connecticut court says, in effect, that the death has created rights to future enjoyment of the personalty of the estate which may be allowed to be affected only by certain burdens fixed by law, such as debts of the estate, taxes and administrative expenses incurred, and changes in the tax laws made retroactive prior to the closing of the estate.

The Connecticut court does not feel that the change in those burdens attempted by this statute, so far as retroactive, should be added to those already allowed. That is, it would be a violation of the fundamental principles of fairness comprised in our concept of due process to allow the legislature to disturb those rights by changing after the death the incidence of the Federal tax so as to reduce those rights to enjoyment of the personalty now held by one individual for the benefit of another.

Therefore, the Supreme Court of Errors includes these rights, so far as this apportionment statute is concerned, in the category of "vested" rights which may not constitutionally be diminished retroactively, even though for tax purposes they would not be so classified.

Clearly the statute involved may be classified as not a taxing statute and the rights it seeks to effect need not be considered as "unvested" for the purpose of this statute merely because they are called "unvested" to allow their retroactive tax-

ation. It does not necessarily follow, however, that they may not be so considered.

It is of no great help to say that the rights cannot be changed because they are "vested", for by "vested" we mean essentially that we will not allow them to be changed.

Why should ideals of fairness inherent in due process prevent the legislature from altering the incidence of taxation by retroactively adjusting between individuals the effects of its impact, if it would not violate those ideals for the legislature to tax the same rights of the same individuals during the same period?

If retroactive tax legislation may be due process under the "fair play" test, such a statute as this, which, although not a taxing statute, does aim to affect the incidence of taxes between individuals, may be retroactive to the same extent and also amount to "fair play". Cf. Merchants National Bank v. Merchants National Bank, 1945, 318 Mass. 563, 62 N.E.2d 831; In re Jeffery's Estate, 1939, 333 Pa. 15, 3 A.2d 393; Central Hanover Bank & Trust Co. v. Peabody, 1947, 190 Misc. 66, 68 N.Y.S.2d 256.

Moreover, in the case at bar, the right to proceeds of the contract, although in a sense fixed in the defendant by the death of the plaintiff's decedent, was a right to enjoy funds to become payable to defendant only upon the death of the plaintiff; an event still in the future at the time of passage of the legislation and at the time of assessment and collection of the tax.

With the wisdom or effectiveness, in preventing frustration of a testator's desires by unforeseen effects of taxation, of this proration statute, neither this court nor the state court is concerned. It may be noted, however, that there is no serious question as to its desirability. See dissenting opinion of Judge Jennings in the Parlato case, 136 Conn. at page 137, 69 A.2d 648. Our problem is the application to the legislative enactment, as it is interpreted by the state court, of the Federal protection against encroachment by the states upon property rights without due process of law.

The application of the statute under the circumstances of this case is not in

violation of the due-process clause of the Fourteenth Amendment to the Constitution of the United States.

There remains the question of whether the action will lie in this court without a prior determination by the probate judge under the Connecticut proration statute of the amount due from each beneficiary to the estate.

█ The substantive right to recover existing, its exercise may not be restricted by the legislature to particular state courts so as to deny, where diversity of citizenship exists, recourse to the Federal courts to enforce the right to recover. See Barber Asphalt Pav. Co. v. Morris, 8 Cir., 1904, 132 F. 945, at page 949, 67 L.R.A. 761.

The Motion to Dismiss is denied.