**WHITE et al. v. UNITED STATES et al.**

No. 13793.

United States Court of Appeals
Fifth Circuit.

Feb. 8, 1952.

Writ of Certiorari Denied April 21, 1952.

See 72 S.Ct. 760.

4. See 5 U.S.C.A. § 1006 and cognate provisions of the Act.

Robert Ash, Washington, D. C., Forrest B. Jackson, Jackson, Miss., for appellant.

Joseph E. Brown, U. S. Atty., Jackson, Miss., Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Meyer Rothwacks, John Lockley, Sp. Assts., to Atty. Gen., all of Washington, D. C., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

This appeal is from an order denying petitions and motions filed by petitioners under Rule 41(e), Federal Rules of Criminal Procedure, 18 U.S.C.A., for the return of property and to suppress evidence.

Having to do with information claimed to have been furnished by them as taxpayers to agents of the Internal Revenue Department, the object of the motions was to obtain the return of books and papers, and to prevent use by the government, in threatened prosecutions, of statements made by petitioners to the agents and information gotten by the agents from them.

The grounds in each were: that petitioner has been advised by the attorney general that the United States intends to proceed against them in the Southern District of Mississippi by prosecutions for criminal violations in connection with their income taxes for the years 1942 to 1945; and that the evidence and information which the United States proposes to present to the grand jury was obtained from them in disregard, indeed in violation, of petitioners' constitutional rights.

Specifically stated, the claims are: that the Bureau of Internal Revenue of the United States has had a long established policy, with respect to voluntary disclosures of omissions or misstatements in federal tax returns and their criminal consequences, under which any person, before an investigation is under way with regard to his income tax return, may, by making voluntary disclosures, protect himself and his family from the stigma of a felony conviction; that these petitioners had, in the years in question or some of them, made fraudulent or evasive statements in their tax returns; that this policy of the Revenue Department had come to their attention, and in reliance upon it and upon promises and inducements held out thereby to them, they had made statements and disclosures and had given full information to the Internal Revenue Office; that, therefore, such statements so made and such information so given may not be used against them in criminal prosecution, because they are statements and admissions not voluntarily made but made on the basis of promise and inducement; that from the time when they began to make these disclosures in 1946 until sometime in 1949, they did not know or suppose that any prosecution was contemplated; that they are now informed through their counsel that they are to be prosecuted upon the basis and with the use, of the evidence which was obtained from them by, and only by, their cooperative action, in reliance upon the promises and inducements held out; and that they are entitled to have the information so obtained, suppressed and not used against them.

The United States filed answers and oppositions, the motions and petitions came on for hearing and were fully heard, and at the conclusion of the whole evidence,

the district judge made full findings of fact and conclusions of law, which are reported in D.C., 98 F.Supp. 895. Based thereon he held that petitioners were not entitled to rely upon the invoked government policy in that, before any disclosures were made by them, an investigation had been begun of their returns.

Declaring: that admissions which are voluntarily made without promises or inducements are competent evidence against one charged with crime; that the invoked policy of the government has application to those, and only to those, who make voluntary disclosures before an investigation of their returns has been begun; and that it is clear that investigations had begun before any statements were made; the district judge denied their motions.

█ A careful examination of the record, the rule and the authorities cited, leaves us in no doubt that the orders were correctly entered and must be affirmed. Based, as the motions were, upon reliance on a declared policy, they must fall before the findings based upon adequate evidence: that the disclosures were made, not on their initiative, before they had come under investigation, but after investigations were under way; and that they were made with the hope, and for the purpose, of securing protection from the consequences of these investigations.

█ Putting this finding aside, however, and assuming that they do come under the terms of the offer, it must be conceded that petitioners cannot, as matter of contract, hold the Bureau to its declared policy.

Petitioners recognize that this is so. They insist, though, that the declaration of the policy is the same as if, in their particular case, agents of the government had come to them and, upon inducements and promises held out, that if they would confess they would be extended immunity, they had made confessions or incriminatory statements. Insisting that in such a situation, the law would prevent the use of their statements, not because the agents had authority to bind the government by a promise of immunity but because the constitutional protections against self incrimination and against unwarranted search and seizure had been violated, they urge that the same situation prevails here.

█ While we agree with appellants that if their incriminatory statements had been made, as they claim, not voluntarily but induced by promises of immunity, they would be entitled to be relieved against their use, we think it plain that no such case is made out. In order to prevail on their motions, appellants were obligated to show in a clear and definite way that the evidence they seek to suppress was obtained in violation of their constitutional rights.[1] They failed to do this. The order is, therefore,

Affirmed.

---

1. U. S. v. Lustig, 2 Cir., 163 F.2d 85; U. S. v. Levy, D.C., 90 F.Supp. 529.