THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* THOMAS J. KOEBEL, Also Known as THOMAS J. KORY, Defendant.

County Court, Erie County, May 8, 1962.

*Joseph F. Crangle* for defendant.  *Carman F. Ball, District Attorney* (*Michael T. Sullivan* of counsel), for plaintiff.

FREDERICK M. MARSHALL, J.   This motion is made on behalf of the defendant seeking suppression of alleged illegally seized evidence, as well as an alleged tainted confession made by the defendant after arrest, but prior to his arraignment.

A hearing was held before me on April 29, 1962, at which time the defendant had full opportunity to present his proof.   The only testimony offered was that of the three arresting police officers (discussed hereinafter), and certain records of the Buffalo Police Department which merely established the time and date of formal booking.   The defendant did not testify.

The proof established that on January 6, 1962, a burglary had occurred in the City of Buffalo, New York.   The police obtained the description of the car seen at the place where the burglary occurred, as well as the license number.   Defendant was apprehended near the scene at approximately 4:30 A.M. in an automobile of the same description as that seen at the burglary, bearing a license number which differed only as to the last digit.

He was questioned by the police and taken into custody.   At police headquarters the police requested permission to search his car (this remained uncontradicted).   The defendant granted this permission telling the police that he had nothing to conceal. The car was searched and articles of personal property stolen in the burglary were seized.   The investigation continued and the defendant was formally booked for the crime of burglary at approximately 11:00 P.M. on January 8, 1962.   He was not arraigned on the charge until January 9, 1962 at 2:00 P.M.   A signed confession was obtained by the police at approximately 4:00 P.M. on January 8, 1962.

The authorities had no search warrant and no arrest warrant at the time the defendant was taken into custody.

These issues are presented for determination: (1) Was this an illegal search and seizure condemned by the now historic case of *Mapp* v. *Ohio* (367 U. S. 643) in which the Supreme Court of the United States held that " All evidence obtained by searches and seizures in violation of the United States Constitution is, by that same authority, inadmissible in a State Court " (cf. *People* v. *De Fore*, 242 N. Y. 13)?   (2) If this was an illegal search, was the confession procured after the search the product or fruits of the unlawful search and the result of an inordinate delay in arraignment?

The defendant to succeed must sustain the burden of proof. The burden is the defendant's since the officers are presumed to have acted properly (*Nardone* v. *United States,* 308 U. S.

338; *White* v. *United States,* 194 F. 2d 215). The testimony is conclusive that while in custody the defendant was asked by the police officers for permission to search his car. He gave his assent knowingly, freely and specifically. The subsequent search uncovered fruits of the burglary (*United States* v. *Skally,* 210 F. 2d 69, cert. denied 347 U. S. 935). Defendant does not deny that he gave his consent nor does he claim duress or coercion. This question of fact is resolved in favor of the People. Consent to a search constitutes a waiver of rights secured by the Fourth Amendment. I find that the articles of personal property discovered upon this consent search were not the product of an illegal search and seizure. Having resolved the first issue, there remains no necessity to consider the second question presented, except to point out that our Court of Appeals has recently reaffirmed the established rule that admissions or confessions obtained during a period of illegal detention following an unlawful arrest are not as a matter of law inadmissible (*People* v. *Everett,* 10 N Y 2d 500; *Stein* v. *New York,* 346 U. S. 156, 186–187; *People* v. *Alex,* 265 N. Y. 192, 194; *People* v. *Lane,* 10 N Y 2d 347). The manner of arrest and the subsequent detention are merely circumstances to be considered by a jury on the issue of voluntariness. Accordingly, the motions are denied.