# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-1399
_____

BNSF Railway Company, a Delaware Corporation authorized to do business in Nebraska

*Plaintiff - Appellant*

v.

Seats, Incorporated, a Wisconsin Corporation

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: May 17, 2018
Filed: August 13, 2018

_____

Before WOLLMAN, BENTON, and STRAS, Circuit Judges.

_____

BENTON, Circuit Judge.

A BNSF engineer was injured when the backrest of his locomotive seat broke. He sued the BNSF Railway Company, claiming the seat did not comply with the federal standards in the Locomotive Inspection Act (LIA). The LIA requires locomotives, their parts, and appurtenances be "in proper condition and safe to operate without unnecessary danger of personal injury." **49 U.S.C. § 20701(1)**. The LIA has the "purpose and effect of facilitating employee recover[y]" by conferring

on railroads a "duty to provide safe equipment." ***Urie v. Thompson***, 337 U.S. 163, 188-89 (1949) (internal quotation marks omitted). An injured employee does not have a private right of action under the LIA. ***Id.*** An injured employee does have a private right of action under the Federal Employers' Liability Act (FELA). **45 U.S.C. § 51**. BNSF settled a FELA claim with the engineer.

BNSF then sued Seats, Inc., to recover the costs of settlement. Seats designed, manufactured, and marketed the seat that broke. Seats moved to dismiss, arguing that the LIA preempts BNSF's claims. BNSF countered that preemption does not apply to claims based on federal standards of care. The district court, citing a lack of clear authority, granted the motion to dismiss. *See* ***BNSF Ry. Co. v. Seats, Inc.***, 235 F. Supp. 3d 1089 (D. Neb. 2017). *See also* ***Hughs v. Union Pacific R.R. Co.***, No. 5:15-06079-CV-RK, 2017 WL 1609646 (W.D. Mo. Apr. 28, 2017) (slip op.). BNSF appeals.

This court reviews the grant of a motion to dismiss de novo. ***In re Pre-Filled Propane Tank Antitrust Litig.***, 860 F.3d 1059, 1063 (8th Cir. 2017) (en banc). The complainant "must show the plaintiff is entitled to relief, by alleging sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." ***Id.***, *quoting* ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

I.

The issue here is whether the LIA preempts BNSF's products-liability claims based on federally-imposed standards of care. The LIA preempts state legislation because Congress intended it "to occupy the field" of "the design, the construction, and the material of every part of the locomotive and tender and of all appurtenances." ***Napier v. Atlantic Coast Line R.R. Co.***, 272 U.S. 605, 611, 613 (1926). *See* ***Malone v. White Motor Corp.***, 435 U.S. 497, 504 (1978) ("The purpose of Congress is the

ultimate touchstone" of preemption analysis). The holding of *Napier* "admits of no exception for state common-law duties and standards of care." ***Kurns v. Railroad Friction Prods. Corp.,*** 565 U.S. 625, 637 (2012).

Seats believes that the *Napier* and *Kurns* opinions resolve this case. Seats emphasizes the words "admits of no exception . . .." ***Id.*** Seats ignores the rest of the sentence: "no exception for state common-law duties and standards of care." ***Id.*** As *Kurns* puts it, "state common-law duties and standards of care directed to the subject of locomotive equipment are pre-empted by the LIA." ***Id. See also First Sec. Bank v. Union Pac. R.R. Co.***, 152 F.3d 877, 880 (8th Cir. 1998) (emphasizing that the LIA preempts state common-law remedies). Neither *Napier* nor *Kurns* addresses the present issue—whether the LIA preempts products-liability claims based on federal standards of care.

Three courts have held that the field preempted by the LIA does not include state common-law actions based on LIA violations. *See **Delaware & Hudson Ry. Co. v. Knoedler Mfrs., Inc.***, 781 F.3d 656, 667 (3d Cir. 2015); ***BNSF Ry. Co. v. Seats, Inc.***, 349 P.3d 1096, 1100 (Ariz. Ct. App. 2015); ***Engvall v. Soo Line R.R. Co.***, 632 N.W.2d 560, 571 (Minn. 2001). *Cf. **Norfolk & Western Ry. Co. v. Ayers***, 538 U.S. 135, 162 n.21, 165 n.23 (2003) (citing *Engvall* to support: "FELA defendants may bring indemnification and contribution actions against third parties under otherwise applicable state or federal law" and: "Once an employer has been adjudged negligent with respect to a given injury, it accords with the FELA's overarching purpose to require the employer to bear the burden of identifying other responsible parties and demonstrating that some of the costs of the injury should be spread to them").

The Third Circuit based its holding partly on Supreme Court decisions about other statutes that allow common-law claims to remedy federal violations. *See Knoedler*, 781 F.3d at 662-63. The *Knoedler* case focused on the Safety Appliance Acts (SAAs). *See* **49 U.S.C. § 20301-06**. The SAAs and the LIA are similar. Both

regulate locomotive equipment. Both Acts "operate to exclude state regulation whether consistent, complementary, additional, or otherwise." *Gilvary v. Cuyahoga Valley Ry. Co.*, 292 U.S. 57, 60-61 (1934) (SAAs). *Accord* *Kurns*, 565 U.S. at 637, *citing* *Napier*, 272 U.S. at 611-12 (LIA). "[T]he same principles apply in an action under the [LIA] as in one under the Safety Appliance Acts." *Tipton v. Atchison, Topeka, & Santa Fe Ry. Co.*, 298 U.S. 141, 151 (1936). The "congressional purpose underlying the [LIA] is basically the same as that underlying the [SAAs]" that locomotives "be employed in . . . active service . . . without unnecessary peril to life or limb." *Urie*, 337 U.S. at 190 (ellipses in original) (internal quotation marks and citation omitted). Neither Act gives a private right of action to the injured employee. *Id.* at 188-89. Both Acts are enforced by a private right of action under FELA. *Id.*

The SAAs allow state common-law claims by nonemployees for federal violations. *See* *Crane v. Cedar Rapids & Iowa City Ry. Co.*, 395 U.S. 164, 166 (1969) (a "nonemployee must look for his remedy to a common-law action in tort, which is to say that he must sue in a state court, in the absence of diversity, to implement a state cause of action"). *Cf.* *Breisch v. Cent. R.R. of N.J.*, 312 U.S. 484, 486 (1941) (finding there is no "longer a question as to the power of the state to provide whatsoever remedy it may choose for breaches of the [SAAs]. The federal statutes create the right; the remedy is within the state's discretion"); *Tipton*, 298 U.S. at 147-48 (the SAAs "do not give a right of action for their breach, but leave the genesis and regulation of such action to the law of the states"). "Like the LIA, the SAAs are silent as to whether state remedies are preempted. Despite that silence, the Supreme Court decided . . . that relief under state law was not preempted." *Knoedler*, 781 F.3d at 664.

Seats argues that state claims based on federal standards of care threaten national uniformity. "But the enforcement under state law of a federal standard of care does not undermine national uniformity because it does not impose conflicting regulations that a railroad must heed during interstate travel." *Id.* at 666. Seats asserts the LIA's standard is "amorphous." To the contrary, it is as definite and

-4-

certain as any rule submitted to a jury. *See **Baltimore & Ohio R.R. Co. v. Groeger***, 266 U.S. 521, 523-24 (1925) (rejecting assertion that the LIA "prescribes no definite or ascertainable standard of duty").

If this court "were to hold that state law claims asserting a violation of the LIA are preempted, railroads would be left with no remedy, no matter how obvious or egregious the liability of an equipment supplier." *Knoedler*, 781 F.3d at 664. The district court erred in ruling that the LIA preempts BNSF's products-liability claims.

II.

In a contract with General Electric—the locomotive manufacturer—Seats agreed to manufacture the seat "in compliance with the LIA" and sell it for installation in the locomotive. BNSF alleges a violation of this contractual obligation.

First: "Just as there is room for state tort remedies, there is room for state contract remedies associated with the federal standards embodied in the LIA." *Id.* at 667.

Second: BNSF's breach-of-contract claim does not require compliance with a state duty or standard of care, but enforcement of a contract. *Id.* Contractual duties are voluntarily assumed, not imposed by state law. *Id.* "[R]egardless of the breadth of preemption: duties voluntarily undertaken cannot be considered as 'state imposed.'" *Id.* at 668. *See **American Airlines, Inc. v. Wolens***, 513 U.S. 219, 228 (1995) (preemption does not "shelter airlines from suits alleging no violation of state-imposed obligations, but seeking recovery solely for the airline's alleged breach of its own, self-imposed undertakings").

Seats claims that BNSF's breach-of-contract claim "repackaged" its products-liability claims and is not within the "narrow exception" in *Wolens*. To the contrary,

Seats's requirement to comply with the LIA is a self-imposed undertaking. Federal laws do not preempt breaches of "self-imposed undertakings." *See, e.g.*, *id.* (finding the Airline Deregulation Act does not preempt suits seeking recovery for breach of airline's own, self-imposed undertakings); *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 526 (1992) (plurality opinion) (finding the Federal Cigarette Labeling and Advertisement Act does not preempt suits seeking recovery for a breach of voluntarily undertaken contractual commitment). *See generally* *Bible v. United States Student Aid Funds, Inc.*, 799 F.3d 633, 654 (7th Cir. 2015) (breach-of-contract claim not preempted by federal law when plaintiff "seeks only to enforce the federal standards that the parties agreed to in their contract"); *UPS Supply Chain Sols., Inc. v. Megatrux Transp., Inc.*, 750 F.3d 1282, 1294 (11th Cir. 2014) ("Enforcement of a self-imposed undertaking" is not preempted by federal law).

"To hold that the LIA preempts all breach-of-contract claims would allow, and perhaps encourage, manufacturers to make grand contractual promises to obtain a deal and then breach their duties with impunity." *Knoedler*, 781 F.3d at 668. The district court erred in ruling that the LIA preempts BNSF's breach-of-contract claim.

## III.

The district court did not address Seats's "remaining grounds" to dismiss the breach-of-contract and equitable claims, which are remanded to the district court. "When it would be beneficial for the district court to consider an alternative argument in the first instance, we may remand the matter to the district court." *Loftness Specialized Farm Equip., Inc. v. Twiestmeyer & Assocs.*, 742 F.3d 845, 851 (8th Cir. 2014), *citing* *Schweiss v. Chrysler Motors Corp.*, 922 F.2d 473, 476 (8th Cir. 1990) (remanding to the district court to consider an alternative basis because "we would benefit from having the District Court decide the issue . . . before we address it"), *Lafarge N. Am., Inc. v. Discovery Grp., LLC*, 574 F.3d 973, 986 n.9 (8th Cir. 2009) (declining to consider alternative bases because "we believe it would be beneficial for the district court to address these issues in the first instance"), *and Williams v.*

***Target Stores***, 479 Fed. Appx. 26, 28 (8th Cir. 2012) (declining to consider an issue, even though the parties argued it, because it "was not decided below" and "is a matter best left to the district court to consider in the first instance on remand").

\* \* \* \* \* \* \*

The judgment is reversed, and the case remanded for further proceedings consistent with this opinion.

———————————————