CENTRAL HANOVER BANK AND TRUST COMPANY, as Trustee under an Indenture of Trust Made by STEPHEN PEABODY, as Grantor, Plaintiff, *v.* STEPHEN PEABODY, JR., et al., as Executors of STEPHEN PEABODY, Deceased, et al., Defendants.

Supreme Court, Special Term, New York County, January 21, 1947.

*Francis S. Bensel* and *Arthur W. Siegrist* for plaintiff.

*Joseph D. Allen* for Stephen Peabody, Jr., and others, as executors of Stephen Peabody, deceased, defendants.

*James J. Halpin* for John A. Talbot, Jr., defendant.

*Timothy N. Pfeiffer, William Parsons* and *Rudolph Schlesinger* for Stephen Peabody, Jr., and others, defendants.

*Frank A. Fritz* and *Collier Platt* for Nina K. Colgate and another, defendants.

*Arthur J. O'Leary,* guardian ad litem for Griswold H. Abbett and another, defendants.

*Collier Platt* for Frank A. Fritz, guardian ad litem for Gilbert Colgate, Jr., and others, defendants.

*Irving D. Stewart* for Carl J. Austrian, guardian ad litem for George Peabody, 3d, and for George Peabody, Jr., and another, defendants.

*Bethuel M. Webster,* guardian ad litem for unborn children of George Peabody, Jr., and others.

GREENBERG, J. This action was instituted by the plaintiff as trustee of an *inter vivos* trust (1) for the judicial settlement of its intermediate account for the period from May 15, 1940, to January 16, 1945, and (2) for instructions with respect to the (a) liability, if any, of the trust to pay any part of the Federal estate tax payable by the estate of the deceased grantor, and (b) allocation of interest on the tax as between principal and income of the fund.

(1) The trust consists entirely of personal property, and was set up by an indenture dated October 21, 1926, by Stephen Peabody as grantor and plaintiff's predecessor as trustee. By the terms of the indenture the trust was made revocable during the life of the grantor, and in addition the grantor reserved the right to change the portion of interest and prin-

cipal payable to any of the beneficiaries and to cut off their shares in the trust and to substitute others as beneficiaries.

The grantor, by a supplemental agreement with the trustee dated March 15, 1929, made the trust irrevocable, changed certain interests in the instrument but otherwise provided that the trust agreement of October 21, 1926, shall continue unchanged. By two instruments dated September 3 and September 23, 1943, the grantor changed the disposition of the income and principal of the trust.

Certain defendants in their answer alleged that the grantor by virtue of the supplemental agreement of March, 1929, divested himself of the power to modify or revoke the trust agreement, and that the changes contained in the written directions of September, 1943, were void. The answer of these same defendants also alleged that fraud and undue influence were exercised upon the grantor by the defendants George and Stephen Peabody, Jr., and Emma Abbett in obtaining the execution of the written directions of September, 1943.

At the commencement of the trial the court ruled that the language of the trust indenture was clear and unambiguous and that the grantor, by the supplemental agreement of March, 1929, did not surrender the right and power to change beneficiaries. The trial then continued on the issues of fraud and undue influence. During the course of the trial the parties in interest stated that they had undertaken negotiations leading to the composition of their differences and requested a stay of the trial pending further discussions. The application was granted. The parties continued their efforts and finally entered into a formal compromise agreement. In order to effectuate this compromise, the parties instituted a special proceeding and in that connection the court appointed special guardians to protect the interests of born and unborn infants. The parties are in accord, and the guardians approved the settlement agreement which provides for a substantial payment to the contesting adults and infants. The court concludes that the settlement is fair and just and in the interest of all parties, adults and infants.

Accordingly, the court has this day signed an order approving the compromise.

(2) Plaintiff as trustee, as heretofore pointed out, also seeks instructions on the following questions: (a) Whether any part of the Federal estate tax and interest thereon which may hereafter be payable with respect to the taxable estate of the

deceased settlor shall be borne by the trust fund; and (b) whether interest on such part of the Federal estate tax as may be payable by the trustee shall be charged against the income of the trust fund to the extent that the income is derived from that part of the trust fund, which may earn income, during the period of nonpayment of taxes, and which is needed to pay estate taxes.

The basic facts are as follows: The principal of the trust fund at the last accounting, as of the date of the settlor's death, is in excess of $2,500,000.

Stephen Peabody, a resident of Connecticut, died on January 6, 1945, leaving a last will and testament and codicils thereto which were admitted to probate by the Probate Court of the District of Westport, Connecticut, and letters testamentary were issued on March 31, 1945, to the defendants-executors. The estate of Stephen Peabody has a value of approximately $250,000.

The Federal estate tax and the Connecticut succession estate tax with respect to the estate of Stephen Peabody have not yet been determined and no tax has as yet been paid on the basis of the inclusion of the trust fund as part of the taxable estate.

In view of the power of Stephen Peabody as grantor to change the beneficiaries of the trust fund, it is expected that the principal of the trust fund will be includable as part of his gross taxable estate (*Porter* v. *Commissioner*, 288 U. S. 436); on this basis, it is anticipated that the total Federal and State estate and inheritance taxes will be in excess of the sum of $1,000,000.

The last will and testament of Stephen Peabody contains no express directions which would exempt the trust fund from bearing any apportionable share of the Federal and State tax if such tax is based upon the trust fund's being part of the taxable estate.

Said will provides in paragraph " Fifth " thereof that certain small bequests contained in paragraphs " Second " to " Fifth " inclusive " shall be free from inheritance, estate taxes, liens or charges thereon and all taxes, liens and/or charges, whether imposed by the Laws of the State of New York or of the United States, or of any other state, shall be paid out of my residuary estate ".

The fourth codicil of said will, dated November 15, 1938, in paragraph " Third " thereof provides that " the foregoing

bequests numbered ' First ' and 'Second ' shall be free from inheritance and estate taxes, liens or charges thereon ''.

The trust indenture and the amendments thereto contain no direct reference with respect to the liability of the trust fund for its apportionable share of Federal estate taxes.

The State of Connecticut enacted, on July 18, 1945, chapter 77 of the 1945 Supplement to the Connecticut General Statutes, in substance very similar to section 124 of the Decedent Estate Law of this State,. which provides for the apportionment of the Federal estate tax, the Connecticut succession tax and the Connecticut estate tax with respect to the estates of Connecticut decedents dying on and after July 18, 1944, except where the will contains a contrary direction. The statute further provides that the proration of the taxes shall be made by direction of the probate judge in the proportion, as near as may be, that the value of the property, interest or benefits of each such person, bears to the total value of the property, interest and benefits received by all such persons interested in the estate.

The issues, which have been ably briefed by counsel, may be summarized as follows:

(a) Is this action premature in view of the fact that the estate tax has not yet been determined?

(b) Does this court have jurisdiction over the subject matter or over the parties so as to determine the following questions or must these issues be left to the jurisdiction of the Probate Court of Connecticut?

(c) Did the testator intend by his will that there should be an apportionment of the Federal and State estate and inheritance taxes?

(d) Is the afore-mentioned Connecticut statute constitutional as applied to the decedent's estate and the *inter vivos* trust fund?

My conclusions are as follows:

(1) The request for instructions by the plaintiff trustee is not premature. This action was properly brought by the plaintiff trustee with respect to these and other matters. The parties are before this court and since the plaintiff trustee is entitled to instructions for guidance in administering the trust until the final tax is determined, this court will decide the issues raised.

(2) This court has jurisdiction to determine whether any tax which may be chargeable against the estate of a Connecticut resident is payable out of the trust fund in New York. The

law of Connecticut applies. The courts of New York are competent to construe the laws of a sister State. The presence of the trustee and trust res within this State provides the basis for in rem jurisdiction of this court. It is not necessary to decide whether the defendant executors are subject to an in personam judgment of this court. Moreover, if the matter is left entirely to the Probate Court in Connecticut, its judgment as to the liability of the trust fund for the apportioned estate tax may not be conclusive in New York, since both the res and the trustee are not within its jurisdiction and the trustee might not be considered as a party interested in the estate (*Matter of Buckman*, 270 App. Div. 707).

(3) In applying the law of Connecticut to the issues involved, I conclude that the Connecticut statute is constitutional as it applies to the instant case, and that therefore the trust fund must bear its prorata share of such Federal estate tax as may ultimately be chargeable to the decedent's estate in accordance with the proration formula provided in the Connecticut statute.

(4) I find no distinction in principle between the facts in this case, notwithstanding that the Connecticut statute was enacted after the decedent's death, and the facts in the cases of *Matter of Jeffery* (333 Pa. 15) and *Merchants National Bk.* v. *Merchants National Bk,* (318 Mass. 563).

(5) The liability of the plaintiff trustee to reimburse the executors becomes, upon payment of the tax, an issue involved in the administration of the decedent's estate. The apportionment of the tax payable out of the trust fund under this Connecticut statute is not violative of any provision of the Federal Constitution as a retroactive taxing statute. In this case this is clearly so, since no tax has as yet been paid. In both of the above-cited cases, the respective decedents died a considerable time before the enactment of the apportionment statute involved and the tax was apportioned against and payable out of an *inter vivos* trust fund.

(6) The expressed application of the Connecticut statute to decedents dying within a year prior to the enactment of the statute is not unreasonable; it is likely that estate and inheritance taxes will not be finally determined and paid within that period. The assumption here is that the trust fund is properly includable in the gross estate for purposes of the estate tax. The application of a tax statute to an estate where the decedent died prior to its enactment is not sufficient to defeat the

statute (*Cahen* v. *Brewster*, 203 U. S. 543). The decisions of the Supreme Court in *Coolidge* v. *Long* (282 U. S. 582) and *Nichols* v. *Coolidge* (274 U. S. 531) are distinguishable since in both cases the settlor had no taxable interest in the trust property prior to his death. The plaintiff trustee, therefore, is instructed that the trust fund must bear its share under the Connecticut statute of the estate tax which may be payable with regard to the taxable estate of the deceased.

(7) Moreover, I find that apart from the Connecticut statute, the language of the will supports the conclusion that the testator intended that the tax should be apportioned. I must assume that the testator, when he executed his will and codicils, was aware of the disproportionate size of the trust fund and his personal estate. In his will and codicils he expressly exempted certain bequests from bearing any share of the estate tax. He must have intended that all other assets which comprise the taxable estate bear their respective share of the tax lest the estate itself be entirely exhausted.

(8) Finally, I conclude that any interest payable by the plaintiff trustee on the share of the Federal estate tax allocable to the trust fund be chargeable against the income of the trust fund, but only to the extent of the income derived from the amount of such tax, payable out of the trust fund, which is earned from and after the due date of the tax, to wit, fifteen months from the death of the decedent.

The Federal estate tax is not due and payable until then and interest does not commence to run until the due date. The income beneficiaries under the trust are entitled to the income from the date of death and are, therefore, entitled to the earnings on the portion of the principal of the trust fund required to pay its share of the Federal tax until it is paid and until interest is due. (*Matter of Chambers,* 54 N. Y. S. 2d 88 [1945]. See contra, *Matter of Harjes,* 170 Misc. 431 [1939].)

Settle judgment, which shall include, among other things, a provision for the payment of fees to the attorneys, guardians ad litem and special guardians.