In the Matter of the Accounting of the BANK OF NEW YORK, as Trustee of the Trust Created for the Benefit of the HISPANIC SOCIETY OF AMERICA by ARCHER M. HUNTINGTON, Respondent.

ANNA H. HUNTINGTON et al., as Executors of ARCHER M. HUNTINGTON, Deceased, et al., Appellants; LOUIS J. LEFKOWITZ, as Attorney-General, et al., Respondents.

In the Matter of the Accounting of the BANK OF NEW YORK, as Trustee of the Trust Created for the HUNTINGTON FREE LIBRARY AND READING ROOM by ARCHER M. HUNTINGTON, Respondent.

ANNA H. HUNTINGTON et al., as Executors of ARCHER M. HUNTINGTON, Deceased, Appellants; LOUIS J. LEFKOWITZ, as Attorney-General, et al., Respondents.

First Department, October 23, 1961.

*Lyon Boston* of counsel (*Wendell Davis* with him on the brief; *Shattuck, Bangs & Davis,* attorneys), for Anna H. Huntington and another, appellants.

*Reigh F. Klann* of counsel (*Genevieve L. Fraiman* with him on the brief; *Lord, Day & Lord,* attorneys), for the Hispanic Society of America, appellant.

*Daniel Steiner* of counsel (*Richard S. Emmet* and *John L. Merrill, Jr.,* with him on the brief; *Emmet, Marvin & Martin,* attorneys), for the Bank of New York, respondent.

*Foster Bam* of counsel (*Maurice N. Nessen,* in person, with him on the brief), for Maurice N. Nessen, as guardian ad litem for Archer H. Mayor, an infant, respondent.

VALENTE, J. These are appeals taken from two separate orders denying motions — made pursuant to section 167 of the Civil Practice Act — to stay proceedings in article 79 proceedings to settle the intermediate accounts of trustees.

Archer M. Huntington, as settlor, on April 27, 1951 created an *inter vivos* trust for the benefit of his wife, during her lifetime, with remainder to the Hispanic Society of America (Hispanic). Thereafter, on February 12, 1952, Mr. Huntington established another *inter vivos* trust for the benefit of Archer Huntington Mayor (an infant) with remainder to the Huntington Free Library and Reading Room (Library).

The settlor of these trusts died on December 11, 1955, a resident of Connecticut. His will was duly probated in the Connecticut courts on December 20, 1955, and appellants, Anna Hyatt Huntington and Morgan Guaranty Trust Company of New York (executors) were appointed executors of Mr. Huntington's estate.

In May, 1961, the Bank of New York (trustee), as trustee of the two trusts, hereinabove mentioned, commenced two proceedings under article 79 of the Civil Practice Act for the judicial settlement of the trustee's intermediate accounts and for instructions to the effect that these trusts were not subject to any claims by the executors of the settlor's estate for any apportionment against the trust property of the death taxes in the settlor's estate.

It appears that after Mr. Huntington's death, " death taxes ", including the Connecticut succession and estate taxes as well as the Federal estate tax, were determined and paid by the executors. For purposes of computing those death taxes, the value of various trusts created by Mr. Huntington, including the Hispanic and Library trusts, was figured as part of the taxable estate.

Article Eighth of the will of Mr. Huntington provides: " I direct the payment by my executors from the capital of my residuary estate of any and all estate, transfer, succession or inheritance taxes which may be levied upon my estate or any part thereof ".

The trusts herein contained the following provision: " The amount, if any, of every estate, succession, inheritance and other death tax, including any interest or penalty thereon, imposed by reason of the death of the settlor and paid by the trustee shall be charged wholly against trust principal ".

Although trustees of a number of other trusts established by Mr. Huntington or over which he exercised power of appointment contributed toward satisfaction, in part, of the Federal estate tax, the trustee herein refused to make any contribution. Thereupon, the executors instituted an action in the Superior Court, Fairfield County, Connecticut, praying for numerous items of relief including instructions as to whether or not a

portion of the Connecticut succession tax and the Federal and Connecticut estate taxes should be equitably prorated, in accordance with the Connecticut statutes. The trustee herein was served with the writ and complaint in the Connecticut action on October 21, 1960, but did not voluntarily appear or otherwise subject itself to the jurisdiction of the Connecticut courts.

Pursuant to Connecticut procedure, the questions presented by the executors to the Superior Court of Fairfield County have been certified for answer by the Supreme Court of Errors of the State of Connecticut—the court of last resort in that State. It was anticipated that the matter was to be argued in that court in October, 1961 and that the court would shortly thereafter interpret the decedent's will with respect to whether or not, under Connecticut law, part of the death taxes should be apportioned to the various trusts established by Mr. Huntington, including the two trusts involved herein.

In that posture of events, the attorneys for the executors and for Hispanic made an oral application for the adjournment of matters in the accounting proceeding until after the determination by the Supreme Court of Errors of the State of Connecticut. Following the denial of such requests, formal motions were made for a stay of all proceedings until some time after the Supreme Court of Errors had announced its decision on the question of apportionment of the estate taxes. These appeals by the executors and Hispanic are from a denial of those motions.

The court at Special Term denied the motions on the ground that the matters raised by the petitions must be determined by the New York courts, citing as precedents *Matter of Gato* (276 App. Div. 651, 655) and *Central Hanover Bank & Trust Co.* v. *Peabody* (190 Misc. 66).

However, those cases were not concerned with an application for a stay. *Matter of Gato* held that our courts had jurisdiction to grant a trustee of a New York trust instructions regarding the applicability of the Florida tax apportionment statute — the settlor having died a resident of Florida — to the trust property in this State. However, as the court there said (p. 655): " Nor is it disputed that the New York courts will apply the domiciliary law of the decedent in a proceeding wherein instructions are sought concerning apportionment of estate taxes."

So, too, in *Central Hanover Bank & Trust Co.* v. *Peabody* (*supra*) it was held that the courts here had jurisdiction to determine whether any tax which was chargeable against the estate of a Connecticut decedent was payable out of a trust fund in New York, but that the law of Connecticut would apply.

Thus there is no quarrel in the instant case about the established doctrine that the New York courts must apply the law of Connecticut, the domicile of Mr. Huntington, in the construction of the will and the determination of the matter of the apportionment of the estate taxes. (See, also, *Fell* v. *McCready,* 236 App. Div. 390, affd. 263 N. Y. 602; *Matter of Kadjar,* 200 Misc. 268, affd. 279 App. Div. 1008, motion for leave to appeal denied 280 App. Div. 777.)

Equally clear is that a decision of the Connecticut court could not be a binding and conclusive judgment on the trustee, on the trusts or on the New York courts. (*Matter of Buckman,* 270 App. Div. 707, affd. 296 N. Y. 915, cert. denied 332 U. S. 763; *Matter of Gato, supra; Central Hanover Bank & Trust Co.* v. *Peabody, supra.*) Nevertheless, a construction of article Eighth of the will of Archer M. Huntington by the court of last resort of Connecticut will at least be persuasive, and may in some circumstances be wholly determinative of the issue of apportionment. (See Restatement, Conflict of Laws, § 308, *Comment b.*) New York will generally, if not always, follow the construction of a will by a domiciliary court. That is particularly fortunate here, since the New York law respecting tax apportionment (Decedent Estate Law, § 124) is essentially the same as the law of Connecticut. This was recognized in *McLaughlin* v. *Green* (136 Conn. 138) where the Supreme Court of Errors cited a New York case as authority in applying the Connecticut statutes.

Therefore, it would seem that the orderly administration of justice would dictate that the courts of this State, and the trustee, should have the benefit of the construction by the Connecticut Supreme Court of Errors before further action is taken in the intermediate accounting proceedings herein. As was said in *Louisiana Power & Light Co.* v. *Thibodaux City* (360 U. S. 25, 29) in a similar context, a stay would not "constitute abnegation of judicial duty. On the contrary, it is a wise and productive discharge of it. There is only postponement of decision for its best fruition."

We can see no prejudice to the trustee in a deferment of the New York proceedings. The record does not indicate any other issues which might be raised in the New York proceedings apart from the one of apportionment of taxes. Failing participation in the foreign proceeding, the trustee should not be permitted needlessly to pursue in New York a course of action which will inevitably result in additional expense to the beneficiaries, without any corresponding benefit to the trust, and which will impede the orderly administration of justice. Under the circumstances, it was an improvident exercise of discretion to deny the stays.

The orders should therefore be reversed on the law, on the facts and in the exercise of discretion, and the motions for stays granted, with costs to appellants and the special guardian payable by the trustee in its individual capacity.

BOTEIN, P. J., BREITEL, RABIN and McNALLY, JJ., concur.

Orders, entered on September 8, 1961, unanimously reversed, on the law, on the facts and in the exercise of discretion, with $20 costs and disbursements to the appellants and the special guardian, and the motions granted, with $10 costs, payable by the trustee in its individual capacity.