Nathan R. Sobel, S.
The sole issue raised by the guardian ad litem concerns the method of apportionment of estate taxes in this substantial estate. The choice of law problem which he raises seems not to have been considered in this State.
When Mrs. Hallinan died she was concededly a resident of Kansas as were all her testamentary beneficiaries. Her will created a residuary trust for the life, of her daughter, remainder to her grandchildren.
Her major assets were located in New York. She appointed New York executors and trustees. To administer her Kansas assets, she appointed her daughter as executrix there. The account reveals that by agreement all assets are now being transferred to the New York trustees.
Very substantial Federal and Kansas estate taxes have been fully paid. Conceding that Mrs. Hallinan was a Kansas resident, New York tax authorities have “ exempted ” this estate.
The apportionment problem is created by some $90,000 of non-testamentary assets. These assets in the form of joint bank deposits passed by force of law to the daughter on death.
In the absence of a contrary provision in the will — there was none — our statutory rule is burden-on-the-recipient (EPTL 2-1.8). The nontestamentary assets under New York law would bear a proportionate share of Federal and State estate taxes.
Kansas has no such apportionment statute. The Kansas expert, a former tax commissioner, advises that under Kansas law the residuary estate bears the entire tax burden of both *1035 testamentary and nontestamentary assets included in the gross estate. Before the enactment of EPTL 2-1.8 this was also the law of New York. To be precise — when we had in this State an inheritance tax — i.e. upon the privilege of the beneficiary to receive — that tax was imposed on the recipient. But since 1916 when we adopted a “ transfer ” tax — a tax upon the privilege to pass property at death patterned after the Federal Revenue Act of 1916 — the burden of that tax was borne by the residuary estate. The residuary was required to pay the tax on testamentary assets (Matter of Hamlin, 226 N. Y. 407, cert. den. 250 U. S. 672) and on nontestamentary transfers (Farmers Loan & Trust Co. v. Winthrop, 238 N. Y. 488, cert. den. 266 U. S. 633). This was the New York apportionment rule between 1916 and 1930 until the Foley Commission recommended and had enacted an apportionment statute placing the burden on the recipient. (Decedent Estate Law, § 124.) Absent that statute (now EPTL 2-1.8) our law during this 1916-1930 period was therefore the same as the present Kansas decisional law as construed by the expert.
The executors have followed Kansas law and have charged to the residuary all estate taxes on both testamentary assets and the nontestamentary transfers to the testatrix’ daughter. This is correct. Their decision is approved.
State law determines the impact of Federal and State transfer taxes on the property includable in the taxable estate. (Riggs v. Del Drago, 317 U. S. 95.)
This can create serious choice of law problems. On the facts of this case however there is none. Whether we apply the older rule that the tax law of the decedent’s domicile governs (New York Life Ins. & Trust Co. v. Viele, 161 N. Y. 11; Matter of Battell, 286 N. Y. 97,101-102; Matter of Gato, 276 App. Div. 651, affd. 301 N. Y. 653; Matter of Cronise, 167 Misc. 310 or the newer “ interest analysis ” approach to the problem (Matter of Crichton, 20 N Y 2d 124, 133-135; Matter of Clark, 21 N Y 2d 478) all of the indicia point to the predominant interest of Kansas in protecting the rights of its own domiciliaries who are the sole beneficiaries of this estate.
This very issue, involving however conflicting estate tax apportionment statutes, was decided recently by the District of Columbia Circuit (Mazza v. Mazza, 475 F. 2d 385). Under an interest analysis approach, that court applied the local law of the domicile of the testator where most (but not all!) of the beneficiaries were also domiciled rather than the local law of the situs of real property.
*1036 A consideration mentioned by that court (p. 389) is worthy of note: “ If a decedent leaves property in several states, and if each situs applies its own law, some of the recipients may be required to contribute to payment of the federal estate taxes while others are not. Different treatment for persons similarly situated with respect to the estate is an anomalous result which can be avoided if all jurisdictions refer to the law of the domicile.”
EPTL 2-1.8, our burden-on-the-recipient tax apportionment statute, reflects no strong State policy. (See Sixth Report, Bennett Commission on Estates [1967] Report No. 5.15A, pp. 253-266.) The purely fortuitous circumstance that this Kansas domiciliary kept her securities with a New York trust company gives this forum State no significant interest in the method of apportionment of estate taxes as compared to that of Kansas in its beneficiary domiciliaries.
The account is satisfactory in all respects. It should be supplemented by affidavit to reflect the sale of additional securities since the filing of the account. As so supplemented, it is settled. The compensation of the guardian ad litem has been settled by agreement and may be provided for in the decree.