Michael A. Telesca, S.
The trustees under the will of Fayette B. Dow, deceased, have petitioned this court, inter alia, for the judicial settlement of the intermediate account of cotrustee Marine Midland Bank-Rochester, and for a determination as to the validity, construction and effect of certain dispositions of property contained in the will of the testator.
Fayette B. Dow, the testator, died in Monroe County, New York, on December 10, 1962, leaving a will dated April 10, 1961. At the time of his death, testator was a resident of the District of Columbia. The will was recorded in the office of the Register of Wills for the District of Columbia and admitted to probate by order of the United States District Court for the District of Columbia, holding a Probate Court on March 8, 1963, and Clair L. Stout, Leland B. Dow, Jr., Vaughan Dow and Richard Vaughan Dow were appointed executors of the will. The executors served until the filing of their final account on August 3, 1966.
Testator’s will created a trust for the benefit of several individuals and institutions, and designated Genesee Valley Union Trust Company (predecessor to Marine Midland Bank-Rochester), Leland B. Dow, Jr., Vaughan Dow and Richard Vaughan Dow as trustees. The trustees have been administering the trust since March 17, 1965 when the assets were transferred to them by the executors. However, no letters of trusteeship were issued by the United States District Court for the District of Columbia. All of the above have continued to serve as trustees since March 17, 1965, except Leland B. Dow, Jr., who died on May 24, 1973. All of the assets of the trust are physically located in Monroe County, and two of the three trustees, Marine Midland Bank-Rochester and Richard Vaughan Dow have their principal place of business and reside in Monroe County, respectively. Vaughan Dow, the third trustee, resides in Memphis, Tennessee. By decree dated January 23, 1975, this court assumed jurisdiction of the trust and of this proceeding, and ordered that letters of testamentary trusteeship be issued to the three surviving trustees.
*508 Surviving testator at the time of his death were his two nephews, Leland Dow, Jr. and Vaughan Dow, and his grandnephew Richard V. Dow (Leland Dow’s son), all of whom were named as trustees under testator’s will, as well as beneficiaries; Leland Dow’s three daughters, Ann Dow Lee, Dorothy Dow Crane and Virginia Tayloe Dow Wimmer; Richard V. Dow’s two daughters, Elizabeth Dow and Margaret Dow*; Ann Dow Lee’s six children, Rees, Richard, Peter, Marcus, Gerald and Bayless; and Vaughan Dow’s son, David V. Dow. The above 15 surviving descendants of testator were persons in being at the time of his death, and are the measuring lives of the trust created by testator in his will.
Leland Dow, Jr., died on May 24, 1973, survived by his four children; his son Richard’s two children; his daughter Ann’s six children; his daughter Dorothy’s one child, Johanna Tayloe Crane; and his daughter Virginia’s one child, Tayloe Reed Wimmer. As of this time, Leland Dow’s four children and 10 grandchildren constitute his lineal descendants.
The trustees, in their petition, have stated that certain doubts have arisen as to the intention of the testator in various respects, which doubts have been precipitated by the death of Leland B. Dow, Jr., one of the named trustees and beneficiaries. These doubts, it is contended, involve both questions of construction of the will and questions of trust administration. The resolution of these questions, it is further contended, is dependent upon first determining whether the law of the District of Columbia or the law of the State of New York is applicable in the determining of the intention of the testator both with respect to the construction of the will and to trust administration. All of the parties to this proceeding are in agreement that the intent of the testator regarding certain dispositions and certain questions of trust administration is unclear, that the substantive law of the District of Columbia and the State of New York differ in significant respects in resolving these questions, and that, therefore, a clear conflict of laws question exists. The sole question to be resolved, at this point in the proceeding, is whether New York or District of Columbia law is applicable to questions of will construction and to questions of trust administration.
*509 EPTL 3-5.1 (subd [e]) requires that testamentary dispositions of personal property are to be interpreted in accordance with the law of the jurisdiction in which the testator was domiciled at the time of the execution of the will. The Court of Appeals, in Matter of Acheson (28 NY2d 155, 162) accordingly stated: "If anything is settled, it is that the courts of New York will look to the law of the testator’s domicile for the meaning and interpretation of language used by him in disposing of his personal property”. (See, also, Matter of Fox, 9 NY2d 400; Matter of Fabbri, 2 NY2d 236; Fell v McCready, 236 App Div 390, affd 263 NY 602.)
If, however, a nondomiciliary testator provides in his will that the disposition of his property situated in New York shall be governed by the laws of this State, EPTL 3-5.1 (subd [h]) requires that the testamentary disposition is to be interpreted in accordance with New York law. (See Matter of Clark, 21 NY2d 478.) Testator provided in his will that the Monroe County Surrogate’s Court shall have jurisdiction over any disagreements among the trustees as to the proprieties of certain dispositions. Several parties hereto contend that this provision constituted an election by testator to have the laws of New York govern questions of interpretation. This is erroneous for several reasons. First, EPTL 3-5.1 (subd [h]) is limited by its own terms to property situated in this State. While testator’s personal property ultimately came into the hands of a New York trustee, at the time of his death the personal property was not situated in this State; therefore, subdivision (h) is inapposite and the general rule set forth in subdivision (e) governs this proceeding. Additionally, while requesting a New York court to take jurisdiction of the matter, apparently as a matter of convenience, testator did not elect to have the laws of New York govern.
With respect to questions of the trust administration, the parties hereto are in complete agreement that such questions are governed by New York law. It is beyond dispute that where a nondomiciliary testator appoints a New York trustee, presumptively his intention is that the trust should be administered in New York in accordance with the laws of New York (Erdheim v Mabee, 305 NY 307; Matter of Coolidge, 15 Misc 2d 941; Matter of Shipman, 179 Misc 303).
During the period when the estate was being administered by the executors, certain inheritance taxes were imposed upon the estate by the District of Columbia and were charged *510 against the beneficiaries of the estate in proportion to their interests as determined by the taxing authorities of the District of Columbia. The executors paid the inheritance taxes on behalf of the beneficiaries with the understanding that they would reimburse the trust created by the will. All of the reimbursement obligations of the beneficiaries have been discharged except for those of Vaughan Dow and Richard Dow. The trustees, in their petition, state that they have been unable to agree upon a proper rate of interest to charge against these obligations for the period that they have been outstanding. Furthermore, it is the position of Richard Dow, in his individual capacity, that the burden of paying the District of Columbia inheritance taxes rests upon the testator’s estate and that no portion thereof can or should be charged to individual beneficiaries of the trust.
It has been held that "the New York courts will apply the domiciliary law of the decedent in a proceeding wherein instructions are sought concerning apportionment of estate taxes” (Matter of Gato, 276 App Div 651, 655, affd 301 NY 653). While a decedent’s estate is in the process of administration, "the property constituting the gross taxable estate remains within the State’s taxing power and within the State’s power to control the ultimate impact of the tax burdens thereon” (276 App Div 651, 659, supra; see, also, Matter of Cronise, 167 Misc 310). Thus, the doctrine is well established that New York courts will apply the law of the decedent’s domicile in determining matters of the apportionment of the estate taxes. (Matter of Huntington, 14 AD2d 312; Central Hanover Bank & Trust Co. v Peabody, 190 Mise 66.) This conclusion obviates the possible inconsistent results which would occur were the rule otherwise. The court, in Matter of Hallinan (74 Misc 2d 1034, 1036) thus stated: " ' If a decedent leaves property in several states, and if each situs applies its own law, some of the recipients may be required to contribute to payment of the federal estate taxes while others are not. Different treatment for persons similarly situated with respect to the estate is an anomalous result which can be avoided if all jurisdictions refer to the law of the domicile.’ ” (Quoting Mazza v Mazza, 475 F2d 385, 389.)
The cases cited by Richard Dow do not mandate a different result, for they deal with the question of whether foreign jurisdictions may enforce their claims for unpaid taxes of any nature in the courts of New York. (See, e.g., Matter of Ein *511 stoss, 26 NY2d 181; City of Philadelphia v Cohen, 11 NY2d 401, cert den 371 US 934; State of Colorado v Harbeck, 232 NY 71.) This is totally unlike the situation in this case, where the inheritance taxes were paid to the District of Columbia by the executors while the estate was being administered in that jurisdiction, and the question herein is not whether the taxes are collectable by the District of Columbia, but rather, in what manner they are to be apportioned among the beneficiaries. EPTL 2-1.8, likewise, does not alter this result, for "this statute is not generally applicable to nondomiciliaries”. (Matter of Owen, 71 Misc 2d 179, 183; see, e.g., Tax Law, § 249-p.)
In summary, then, the law of the District of Columbia is applicable to all questions of interpretation and apportionment of estate taxes, while the law of New York is applicable to all questions of trust administration.
Despite the fact that testator was an attorney and drafted his own will, numerous questions have been presented regarding the intent of the testator which can be resolved only by resort to the applicable principles of law of New York and the District of Columbia. As this proceeding has been limited at this point to determining solely the conflict of laws question presented, the resolution of these problems must await further proceedings by this Court.
Submit Decree.

 Margaret Dow was born on January 3, 1963, less than one month after testator’s death, and was therefore en ventre sa mere on the date of testator’s death, and is a measuring life of the trust created by testator under his will, as this court held in its decree of January 23, 1975.